Aristille Q. COLLINS, Plaintiff–
Appellant

v.

Carolyn W. COLVIN, Acting Com-
missioner of Social Security,
Defendant–Appellee.

No. 15–41518
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 19, 2016.

Aristille Q. Collins, Port Arthur, TX, pro
se.

Kristine Dittmeier Vitemb, James
Alfred Garrett, Assistant Regional Coun-
sel, Social Security Administration Office
of the General Counsel Region VI, Dallas,
TX, for Defendant–Appellee.

Before SMITH, BENAVIDES, and
HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Aristille Q. Collins
("Collins") appeals the district court's
dismissal of his action for judicial review
of the Defendant–Appellee Acting Com-
missioner of Social Security's (the "Com-
missioner") decision denying his second
application for social security disability
insurance benefits ("DIB") on the basis
of res judicata and declining to reopen
his first application. For the reasons be-
low, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
  determined that this opinion should not be
  published and is not precedent except under

In 2007, an Administrative Law Judge
("ALJ") issued an unfavorable decision on
Collins's initial application for DIB, where-
in Collins alleged disability beginning Jan-
uary 1, 1989. The Appeals Council of the
Social Security Administration affirmed
that decision, and Collins did not appeal to
the United States District Court. Then in
2009, Collins filed a second application for
DIB, again alleging disability beginning
January 1, 1989. An ALJ denied that
application on the basis of res judicata,
finding that application involved the same
facts and issues as the 2007 decision. The
Appeals Council denied Collins's request
for review, and Collins appealed to the
district court. When the Commissioner
could not locate Collins's administrative
claim file, the district court granted the
Commissioner's request to remand the
case for further administrative proceed-
ings, including a de novo hearing on Col-
lins's second application for DIB. In 2013,
an ALJ held there was no basis for consid-
ering Collins's second application and the
2007 decision remains final, because the
timeframe at issue in the second applica-
tion falls within the timeframe covered by
the 2007 decision and the conditions for
reopening the 2007 decision do not apply.
The Appeals Council declined to accept
jurisdiction because it concluded the deci-
sion is supported by substantial evidence
and is consistent with applicable laws.

The district court then reopened the
case. The Commissioner filed a motion to
dismiss for, inter alia, a lack of subject
matter jurisdiction. The magistrate judge
concluded the court lacked subject matter
jurisdiction to consider the Commissioner's
2013 decision absent a colorable constitu-
tional claim, which Collins had not suffi-

---

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ciently raised. The district court adopted the recommendation of the magistrate judge and dismissed the case without prejudice. Collins, proceeding pro se, now appeals.

A district court's decision to dismiss based on lack of subject matter jurisdiction is reviewed de novo. *Martin v. Barnhart*, 48 Fed.Appx 916, 2002 WL 31114938, at *1 (5th Cir.2002) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001)). Federal courts do not have subject matter jurisdiction to review the Commissioner's decision to deny an application for benefits on the basis of res judicata or decision not to reopen an application for benefits, unless a claimant asserts a colorable challenge to such decisions on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir.1986); *Martin*, 48 Fed.Appx. 916, 2002 WL 31114938, at *1. "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir.1997) (citing *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir.1995)) (citing *Robertson*, 803 F.2d at 810).

The Commissioner denied Collins's second application for DIB on the basis of res judicata and declined to reopen his first application. In Collins's opening appellate brief, he contends the ALJ improperly evaluated the sufficiency of his pain allegations, did not give the appropriate amount of weight to the Veterans Administration's disability determination, and inappropriately gave expert testimony more weight than his medical records. These contentions only relate to the factual merits of the Commissioner's original, 2007 benefits decision and do not relate to any constitutional issues. In Collins's reply brief, he states that he has asserted a colorable constitutional claim, but he does not explain how or why any of his constitutional rights have allegedly been violated. We find Collins's constitutional assertion to be merely conclusory and not colorable.

Because Collins has not asserted a colorable constitutional claim, the district court did not err in holding that it lacked subject matter jurisdiction to review the Commissioner's decision regarding res judicata and reopening. AFFIRMED.